

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4627
Re: Whether or not it is neces-
sary for a motor carrier to
pay a filing fee in order to
have highway restrictions
temporarily removed from his
present certificate of con-
venience and necessity.

We are in receipt of your request of May 29, 1942,
in which you request our opinion on the above question.

We note that general order No. 65 issued by the Rail-
road Commission on May 18, 1942, provides, in substance, that
persons holding permits or certificates containing restrictions
against their using certain highways in Texas and limiting the
amount of equipment used by such persons may have such permits
enlarged so as to authorize the use of the previously restrict-
ed highways and additional equipment by filing their applica-
tions with the Commission for such privileges which would con-
tinue temporarily, that is, for the duration of World War No.
II.

You present the following questions:

"(1) Is it necessary for a carrier to pay a
filing fee to the Commission in order to have high-
way restrictions temporarily removed, as provided
in said order, from his existing certificate?

"(2) If the carrier holds two or more certi-
ficates, is it necessary for such carrier to pay
a separate filing fee on each certificate to the
Commission in order to have highway restrictions

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James R. Kilday, page 2

temporarily removed, as provided in said order, from each existing certificate or is one filing fee sufficient?"

Your attention is directed to Opinion No. O-4561 heretofore issued to your department from which we quote as follows:

"It appears that the filing fee of $25.00 contemplated by the quoted provisions of Article 911b, (paragraphs (a) and (b) of Section 17) refer only to the certificate which will grant rights to a carrier not heretofore held by him. This conclusion is implied from the language 'which fee . . . shall be retained by the Commission whether the certificate . . . be granted or not'."

The only provisions of the Motor Carrier Law referring to filing fees in the above situations are as follows:

"Paragraph (a), of Section 17 of Article 911b, V.A.C.S., provides:

"'Every application for a certificate of convenience and necessity shall be accompanied by a filing fee in the sum of $25.00, which shall be in addition to other fees and taxes and shall be retained by the Commission whether the certificate of convenience and necessity be granted or not.'

"Paragraph (b), of Section 17 of Article 911b, V.A.C.S., provides:

"'Every application filed with the Commission for an order approving the lease or transfer of any certificate of convenience and necessity shall be accompanied by a filing fee in the sum of $25.00, which fee shall be in addition to the other fees and taxes and shall be retained by the Commission whether the lease, sale or transfer of the certificate of convenience and necessity is approved or not.'"

In answer to your first inquiry, you are advised that we believe it is necessary for a carrier to pay a filing fee

Honorable James E. Kilday, page 3

in order to have highway restrictions removed from his existing certificate as such removal would be granting rights not heretofore held under such permit.

In answer to your second question, you are advised that we believe it would be necessary for a carrier to pay separate filing fees with each application for the removal of highway restrictions from each existing certificate.

In connection with the last answer, above, you are further advised Opinion No. O-4561 construes General Order No. 60 of the Railroad Commission providing, in substance, that purchasers of certificates which include duplications of operating rights may have the same consolidated into one certificate. The opinion mentioned holds that consolidation under this order would not require a filing fee. If the carrier holds two or more certificates which may be consolidated under General Order No. 60 and has such certificates so consolidated, it would not be necessary for the carrier to pay but one filing fee with a new application to obtain the benefits of General Order No. 65.

We trust that the above satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Alfred F. Herbelin
Alfred F. Herbelin
Assistant

AFH:db

APPROVED JUN 6, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN